1  John F. Medler, Jr.  Cal. State Bar #266474
   THE MEDLER LAW FIRM, APC
2  2030 Main Street
   Suite 1300
3  Irvine CA 92614
   (949)-260-4940 (office)
4  (949)-260-4944 (fax)
   (314)-210-4745 (cell)
5  john@medlerlawfirm.com (e-mail)
6  **Attorneys for Plaintiff Allan Watson**

7              IN THE UNITED STATES DISTRICT COURT
8           FOR THE CENTRAL DISTRICT OF CALIFORNIA
                     WESTERN DIVISION
9

10 **ALLAN WATSON,**                    )
                                        )
                    Plaintiff,          )    Cause No.:
11                                      )
        vs.                             )    Judge:
12 **THE UNITED STATES OF AMERICA,**    )
   **GORETTI GARCIA, M.D., and**        )
13 **GRACELIGHT COMMUNITY HEALTH**      )
   **f/k/a "QUEENSCARE HEALTH**         )
14 **CENTERS,"**                        )
                                        )
15                 Defendants.          )
                                        )
16                                      )
                                        )
17                                      )
                                        )
18 _____     )

19                      **COMPLAINT**

20

21     COMES NOW Plaintiff ALLAN WATSON, by and through counsel, and for his original

22 Complaint under the Federal Tort Claims Act and the Federally Supported Health Centers Assistance

23 Act of 1992, for Medical Malpractice Wrongful Death and Survival against Defendants, states as

24 follows:

25     1.  This is a medical malpractice case for wrongful death and survival brought by the widower

26 of Decedent CAROLINE VALDES ("Decedent"), who died as a result of the negligent medical care

27 provided by Defendants.

28

                            - 1 -
                          **COMPLAINT**

2.  Plaintiffs claim that the deviations from the standard of medical care caused or contributed to cause Decedent's death.

<u>PARTIES</u>

1.  At the time of his death, Decedent **CAROLINE VALDES** was a resident of Los Angeles County, California and a citizen of California.

2.  Plaintiff **ALLAN WATSON**, who was Caroline Valdes' husband, at all times relevant herein, was and is a resident of Los Angeles County, California, and a citizen of California.

3.  Defendant **THE UNITED STATES OF AMERICA**, is and was at all times stated herein, a country consisting of fifty sovereign states, one of which is California.  The United States of America is represented by the United States Attorney for the Central District of California.

4.  The Defendant **GORETTI GARCIA, M.D**. **("DR. GARCIA"),** at all times relevant herein, was a medical doctor who practiced medicine at 4816 East Third Street in Los Angeles, California.  Dr. Garcia was at all times a citizen of California.

5.  Defendant **GRACELIGHT COMMUNITY HEALTH, f/k/a QUEENSCARE HEALTH CENTERS ("GRACELIGHT")** is, upon information and belief, a federally-supported Health Center with its principal place of business located at 4816 East Third Street in East Los Angeles, California. Its registered agent for service of process is Eloisia Perard, 4816 E. Third Street, East Los Angeles CA 90020.  Defendant GRACELIGHT was formerly known as "Queenscare Health Centers" ("Queenscare").  On January 3, 2024, the company underwent an official name change and became GRACELIGHT COMMUNITY HEALTH.  All references to GRACELIGHT shall include the current corporation and all of its predecessor and successor corporations, and merged corporations, including but not limited to Queenscare.

6.  GRACELIGHT is a corporation in good standing, was incorporated within the State of California, and is and was a citizen of California. Moreover, its prior corporation, Queenscare, was also a California corporation, incorporated in California, and was formerly a citizen of California.

7.  GRACELIGHT and its predecessor Queenscare provided health services to low-income patients in Los Angeles.  This included family practice services provided by Defendant DR. GARCIA. At the time of these relevant events as described below, Defendant DR. GARCIA was an employee of GRACELIGHT (and/or its predecessor Queenscare), acting within the scope and course of her employment and authority for GRACELIGHT and/or Queenscare (and, as will be shown below, also for The United States of America).

## JURISDICTION

8.  Jurisdiction in federal court is based upon Federal Question jurisdiction, *28 U.S.C. Sec. 1331,* jurisdiction under the Federal Tort Claims Act ("FTCA"), *28 U.S.C. Sec. 1346(b),* and jurisdiction under the Federally Supported Health Centers Assistance Act of 1992 (Public Law 102–501), as amended in 1995 ("FSHCAA"), *42 U.S.C. Secs. 233(g)-(n),*

9.  *28 U.S.C. Sec. 1346(b) provides "*Subject to the provisions of chapter 171 of this title, the district courts…shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

10.  Section 224(a) of the Public Health Service ("PHS") Act, *42 U.S.C. Sec. 233(a),* provides that the remedy against the United States under the FTCA for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by any commissioned officer or employee of the "Public Health Service" while acting within the scope of his or her office or employment, shall be exclusive of any other related civil action or proceeding.

11.  The FSHCAA, *42 U.S.C. Secs. 233(g) to (n),* provides that, subject to its provisions, certain entities receiving federal funds under section 330 of the PHS Act, as well as any officers,

governing board members, employees, and certain contractors of those entities, may be "deemed" by the Secretary of the United States Department of Health and Human Services to be employees of the Public Health Service for the purposes of the medical malpractice liability protection.

12.  Queenscare, when it was a legal entity (i.e. up until January 3, 2024) was "deemed" by the Secretary and/or the United States Attorney for the Central District of California, since at least 2016, to be a federally-supported health center pursuant to the FSHCAA.  See Ex. 1, 04/25/2016, Certification of Eileen M. Decker, the United States Attorney for the Central District of California; in Case No. 2:16-cv-02944-R-JC; Ex. 2, spreadsheet listing Queenscare as being deemed a federally-supported healthcare center; Ex. 3, HHS letter.  It is unknown whether GRACELIGHT, with its current name, is a "deemed" federally-supported health center pursuant to the FSHCAA.  However, Plaintiff believes that GRACELIGHT is, in fact, "deemed" and certified by the Secretary and/or the United States Attorney for the Central District of California to be a federally-supported health center pursuant to the FSHCAA.

13.  Upon information and belief, the Secretary of Health and Human Services and/or the United States Attorney for the Central District of California has "deemed" all  physicians working for GRACELIGHT and/or Queenscare, acting within the scope and course of their employment, to be employees of the Public Health Service for purposes of this medical malpractice protection under the FSGCAA and the FTCA.

14.  Therefore, the exclusive remedy for Plaintiff for the medical malpractice of Defendant DR. GARCIA and her employer lies within the FTCA and FSHCAA, and in this court.

15.  Accordingly, federal subject matter jurisdiction is appropriate here.[1]

---

[1] There is another pending case in California state court against other health care providers involved with the Decedent's care.  However, pursuant to *Finley v. United States*, 490 U.S. 545, 109 S. Ct. 2003 (1989), the federal district courts are not allowed under the doctrine of pendent jurisdiction to join non-federal claims with FTCA claims, even if the claims all arise under a common nucleus of operative fact, and despite the waste of judicial economy. Therefore, the claims against the non-federal defendants are

**COMPLAINT**

16.  In addition, *in personam* jurisdiction in federal court in California is appropriate because the Defendants are citizens of California, and the corporate Defendants are incorporated in California and have their principal places of business in Central District of California.  Defendants perform regular and systematic business in the State of California and within the Central District of California.

## VENUE

17.  The FTCA provides that a lawsuit under the FTCA must be filed either in the federal district and division where the Plaintiff lives (Central District of California, Western Division) or where the injury occurred (Central District of California, Western Division).  *28 U.S.C. Sec. 1402(b); 28 U.S.C. Sec. 84(c)(2).*

18.  Accordingly, venue is appropriate in the Central District of California, Western Division.

## CONDITIONS PRECEDENT TO FILING SUIT

19.  Pursuant to *28 U.S.C. Sec. 2675(a),* no FTCA lawsuit shall be filed against any employee of the United States acting within the scope and course of his or her employment for money damages for personal injury unless the claimant shall have first presented an administrative claim to the appropriate federal agency (here, the Department of Health and Human Services).  Moreover, prior to filing suit, said claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

20.  The FTCA has a two-year statute of limitations for such administrative claims—the administrative claim must be filed within two years of the act of malpractice giving rise to the claim. *See 28 U.S.C. Sec. 2401(b).*  Under the Supremacy Clause of the United States Constitution, the federal two-year statute of limitations in the FTCA preempts any applicable, shorter state medical malpractice statute of limitations with respect to claims against the Defendants here.  Here, the death of

---

stated separately in a case in state court.  *See Allan Watson v. Peter K. Fong, M.D. et al., Cause No. 23SMCV03721.*  This case just concerns the care provided by Dr. Garcia and her employer.

Plaintiff's decedent occurred on June 7, 2022.  The actions of DR. GARCIA and her employer which led to the death occurred between February and May 2022.  Therefore, the administrative claim, which was filed on August 10, 2023, was timely filed no matter which date is used.

21.  If the federal agency denies the administrative claim, there are time limits imposed for filing an FTCA lawsuit in federal court.   However, the failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant, be deemed a final denial of the claim for purposes of *Section 2675(a)*. After such a constructive denial, there are no time limits.  A federal FTCA lawsuit can be filed at any time after such a constructive denial by the agency.

22.  An administrative claim was filed by Plaintiff herein on or about August 10, 2023. See Ex. 4, Administrative Claim form.  Within six months of the administrative claim being filed, the federal agency took no action and failed to render a final disposition of the claim.  Therefore, the claim was constructively denied on February 10, 2024. Therefore, there is no time deadline for filing a FTCA lawsuit in federal court.  This FTCA lawsuit was timely filed.

23.  Pursuant to the FTCA, in order for a claim to be valid, damages must also be stated in a "sum certain," and the FTCA claim cannot seek an amount greater than the sum certain stated in the administrative claim.  *28 U.S.C. § 2675(b); 28 C.F.R. § 14.1(a).*  The Plaintiff's administrative claim stated a sum certain ($17M). This lawsuit does not seek in excess of that amount, but rather the same sum certain sought in the administrative claim—namely $2M for survival (including pain and suffering and medical bills suffered by Decedent between the time of the acts of malpractice and death, and court costs) and $15M (which includes economic and non-economic damages and court costs) for wrongful death.

24.  In addition, California medical malpractice law, *CCP Sec. 364*, requires that Plaintiff, prior to filing a medical malpractice claim, first present a letter to the doctor (the law does not require any particular format) stating the legal basis of the claim, the type of loss sustained,

**COMPLAINT**

including with specificity the nature of the injuries suffered.  A *Sec. 364* letter was mailed to DR. GARCIA on or about May 8, 2022, certified mail, return receipt requested.  See Ex. 5.  DR. GARCIA signed for and accepted the letter on or about 05/10/2023, although she failed to date the receipt.   Ex. 6, signed receipt.  In addition, the administrative claim against Queenscare (filed before it changed its name to GRACELIGHT)  constitutes sufficient *Sec. 364* notice to that entity. More than 90 days have elapsed since the Defendants received their *Sec. 364* notices.

25.  Accordingly, all conditions precedent to filing suit have been satisfied.

### FACTS RELEVANT TO ALL COUNTS

26.  CAROLINE VALDES, the Decedent, was seeing her primary care provider, DR. GARCIA, during February 2022.  At that time, she complained to her doctor of breathing problems.

27.  At all times, DR. GARCIA was working within the scope and course of her employment for GRACELIGHT or its predecessor Queenscare.

28. DR. GARCIA diagnosed the Decedent with bronchitis.  The doctor gave her a one-week supply of antibiotics.

29.  Plaintiff took the Decedent back to see DR. GARCIA approximately two weeks later and told DR. GARCIA that the antibiotics are not working.  The doctor examined the Decedent and prescribed cough medicine.  The cough medicine bottle has a date of March 7, 2022.

30.  Approximately two weeks later, Plaintiff took the Decedent back to see DR. GARCIA. The cough medicine was not working.  The Decedent was getting worse.  DR. GARCIA then recommended eucalyptus tea.

31.  Plaintiff husband's primary care provider was also DR. GARCIA.  Plaintiff took the Decedent along with Plaintiff on one of Plaintiff's appointments so that DR. GARCIA could see the Decedent again.  The Decedent was getting worse.  She had labored breathing and difficulty

**COMPLAINT**

walking.  DR. GARCIA told Caroline to keep taking the cough medicine and eucalyptus tea.  No additional tests were ordered.

32.  From late February 2022 through May 11, 2022, the Decedent had approximately five to six appointments with DR. GARCIA, each time complaining of difficulty breathing.  Each time, DR. GARCIA failed to realize that the Decedent was suffering from an adverse cardiac condition.  At no time during this period did DR. GARCIA perform appropriate tests to accurately diagnose the Decedent's condition.

33.  On May 11, 2022, the Plaintiff informed DR. GARCIA that the day before, the Decedent had very labored breathing just walking across the room.  DR. GARCIA gave the Decedent a lung breathing test for the very first time.  After completing the test, the doctor's face then looked scared.  DR. GARCIA then said, "Take Caroline to the emergency room right now."

34.  DR. GARCIA was negligent in failing to earlier diagnose the Decedent's serious health condition, and the delay in diagnosis greatly exacerbated the Decedent's condition and ultimately caused her death.

35.  Over the course of the next month, Plaintiff took his wife to other health care providers for treatment.  Ultimately, the Decedent was surgically operated on in an attempt to repair a heart valve.  She thrombosed during the operation and died.  On June 6, 2022, at 3:30 p.m., the Decedent was taken off life support and pronounced dead.

36. Plaintiff now brings this lawsuit for wrongful death and survival against the first health care providers who were responsible for his wife's death—DR. GARCIA and GRACELIGHT—as well as the UNITED STATES OF AMERICA, pursuant to the FTCA and the FSHCAA.

37.  Pursuant to the FTCA and FSHCAA, Plaintiffs seek all damages under the FTCA, the FSHCAA, the California Wrongful Death Act (*Cal. Code Civ. Proc. Secs. 377.60 et seq.*), California Medical Malpractice statutes, California Survival Statute, *Cal. Code Civ. Proc. Sec.*

1    *377.30 et seq.*, the common law, and California case law, up to the amount of the sum certain of

2    $17M, and not in excess of that amount.

3        38.  Because this is an FTCA claim, there is no trial by jury.

4    

**COUNT I**
(DR. GARCIA, GRACELIGHT, and the UNITED STATES OF AMERICA—
Wrongful Death; FTCA and FSHCAA)

7        39.  Plaintiff incorporates by reference Paragraphs 1 through 38 as if more fully set forth

8    herein.

9        40. *28 U.S.C. Sec. 1346(b)* provides "Subject to the provisions of chapter 171 of this title,

10   the district courts… shall have exclusive jurisdiction of civil actions on claims against the United

11   States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or

12   personal injury or death caused by the negligent or wrongful act or omission of any employee of the

13   Government while acting within the scope of his office or employment, under circumstances where

14   the United States, if a private person, would be liable to the claimant in accordance with the law of

15   the place where the act or omission occurred."  Had DR. GARCIA not been a deemed federal

16   employee as set forth above, and had been a "private person," she would have been liable in

17   wrongful death and survival to Plaintiff for her medical malpractice.  Accordingly, the FTCA

18   applies.

19       41.  "The standard of care in a California medical malpractice case requires that health care

20   providers exercise that reasonable degree of skill, knowledge and care ordinarily possessed and

21   exercised by members of their profession under similar circumstances." *Scott v. C.R. Bard, Inc.*

22   (2104), 231 Cal. App. 4th 763, 786; *Alef v. Alta Bates Hospital* (1992) 5 Cal.App.4th 208, 215.

23       42.  Primary care providers, internal medicine doctors, internists, and family practice doctors

24   are "held to that standard of learning and skill normally possessed by such specialists in the same or

25   similar locality under the same or similar circumstances." *Quintal v. Laurel Grove Hospital* (1964)

62 Cal.2d 154, 159–160; s*ee also Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 188.

43.  As such, DR. GARCIA, GRACELIGHT, and the UNITED STATES OF AMERICA owed a duty of care to the Decedent, who was his patient, to exercise the skill normally possessed by primary care providers, internal medicine doctors, internists, and family practice doctors in the same or similar locality under the same or similar circumstances.

44.  DR. GARCIA materially deviated from the standard of care and committed medical malpractice and negligence in the following respects:

(a) failing to diagnose the Decedent's cardiac condition;

(b) failing to conduct additional testing;

(c) failing to transfer Plaintiff to a cardiologist, specialist, or hospital;

(d) prescribing treatments like cough syrup and eucalyptus tea for a cardiac condition;

(e) failing to discern that Plaintiff's difficulty breathing was a serious medical condition;

(f) failing to dedicate the proper amount of time needed to diagnose and treat the patient.

45.  As a direct and proximate result of the deviations from the standard of care by DR. GARCIA, as set forth above, acting within the scope and course of her employment for GRACELIGHT and THE UNITED STATES OF AMERICA, the Decedent died.  Whether said malpractice alone caused the death of the Decedent or whether or not said malpractice by DR. GARCIA combined with other negligence subsequently committed by any of the Decedent's other treating physicians and health care centers, said malpractice of DR. GARCIA was a substantial factor in causing the Decedent's death.  Had DR. GARCIA diagnosed the Decedent's condition when she should have, the Decedent would be alive today.

46.  As a direct and proximate result of the Decedent dying, Plaintiff and any other wrongful death beneficiaries were damaged.

**COMPLAINT**

47.  GRACELIGHT and THE UNITED STATES OF AMERICA are responsible for the negligence of GRACELIGHT and its predecessor Queenscare, and all physicians working within the scope and course of their employment for Queenscare and/or GRACELIGHT and the UNITED STATES OF AMERICA, including DR. GARCIA. GRACELIGHT and THE UNITED STATES OF AMERICA are responsible as successor and in *respondeat superior*, and pursuant to the provisions of the FSHCAA and the FTCA, for the medical malpractice and deviations from the standard of care by DR. GARCIA, as set forth above.  The malpractice committed by DR. GARCIA against the Decedent was carried out in facilities owned or leased by GRACELIGHT and/or THE UNITED STATES OF AMERICA.

48.  Plaintiff Allan Watson is within the class of persons under the California Wrongful Death Statute (*CCP Sec. 377.60 et seq.*) entitled to sue for damages for the wrongful death of Decedent, and said Plaintiff seeks all damages available under the wrongful death statute and California law, including but not limited to:

(a)  loss of financial support and lost earning capacity;

(b) medical bills and other economic damages;

(c) funeral/burial/remains expenses; and

(d) loss of companionship, guidance, love, support, training, consortium, love, comfort, instruction, and loss of sexual relations, and all other non-economic damages allowed under California law;

(e) court costs and expert fees—all of which added together shall equal the sum certain of $15M.

49.  Plaintiff has attached the required Declaration (EX. 7) and certificate of death (EX. 8)

50.  Plaintiffs also assert that the California medical malpractice non-economic damages cap in MICRA is inapplicable because this is a FTCA/FSHCAA claim.

51.  In addition, Plaintiff asserts that the MICRA caps are unconstitutional, and violate the Plaintiff's right to a jury trial, the right to procedural and substantive due process, and the right to open access to the courts, and further violate the equal protection clause by treating injured patients with injuries unrelated to medical malpractice differently, and superior to, those whose injuries relate to medical malpractice, thereby discriminating among substantially similarly situated injured parties for no rational or compelling reason/basis.  Plaintiff seeks an order declaring the non-economic damages cap provision unconstitutional or inapplicable.

WHEREFORE, Plaintiff pray for judgment in his favor against DR. GARCIA, GRACELIGHT, and THE UNITED STATES OF AMERICA, on Count I, and for compensatory damages (including economic and non-economic damages, court costs, and all other wrongful death damages) in the sum certain of $15M on Count I.

## COUNT II
### (DR. GARCIA, GRACELIGHT, and the UNITED STATES OF AMERICA--Survival)

52.  Plaintiff incorporates by reference Paragraphs 1 through 51 as if more fully set forth herein.

53.  There is no Personal Representative of the Estate of the Decedent.

54.  No proceeding is now pending in California for administration of the decedent's estate.

55.  Plaintiff is one of the successors-in-interest (as defined in *CCP Section 377.11*) and succeeds to the decedent's interest in this action or proceeding.

56.  The Decedent's parents are also successors-in-interest.  They have been informed of this proceeding and will not participate unless and until there is a recovery.

57.  No other person has a superior right to commence the action or proceeding or to be substituted for the Decedent in the pending action or proceeding.

58.  Plaintiff has attached the required Declaration (Ex. 7) and certificate of death (Ex. 8).

59. Pursuant to the Survival statute, Plaintiffs seek the loss or damage that the Decedent sustained or incurred between the time of the malpractice and death. Plaintiff does not seek punitive or exemplary damages. All amounts sought by Plaintiff in Count II shall be equal to the sum certain of $2M.

WHEREFORE, Plaintiff prays for judgment in his favor against DR. GARCIA, GRACELIGHT, and THE UNITED STATES OF AMERICA, on Count II, for compensatory damages for the pain and suffering and medical bills and other damage that the Decedent sustained after the malpractice but prior to her death, for court costs, and for such other relief in survival--all equaling the sum certain of $2M on Count II.

DATED: May 7, 2024

**/s/ John F. Medler, Jr.**
John F. Medler, Jr.
THE MEDLER LAW FIRM, APC

***Attorneys for Plaintiff Allan Watson***

**COMPLAINT**

## CERTIFICATION OF THE UNITED STATES ATTORNEY

I, Eileen M. Decker, United States Attorney for the Central District of California, pursuant to the provisions of 42 U.S.C. § 233(c), and by virtue of the authority vested in me by the Attorney General of the United States of America under 28 C.F.R. § 15.4(b), hereby certify as follows:

1.  I have read the Complaint in *Cesar Lopez v. Eric L. Celo, M.D., et al.* (Los Angeles Superior Court Case No. BC 596223); and

2.  On the basis of the information now available to me with respect to the incidents referred to in the Complaint, and pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (P.L. 104-73), defendant Queenscare Health Centers, formerly known as Queenscare Family Clinics, as a public or nonprofit private entity receiving Federal funds under Section 254b, 254c, 256, and/or 256a of the Public Health Services Act, and Eric L. Celo, also known as Eric de Leon Celo, M.D., as an employee of Queenscare Health Centers, are deemed to have been acting within the course and scope of employment with the Public Health Service of the United States at all times material to such alleged incidents.

Date: 4/25/16

EILEEN M. DECKER
United States Attorney
Central District of California



1

ATTACHMENT

1  EILEEN M. DECKER
   United States Attorney
2  DOROTHY A. SCHOUTEN
   Assistant United States Attorney
3  Chief, Civil Division
   BETH MAXWELL STRATTON (Cal. Bar No. 138049)
4  Assistant United States Attorney
        Room 7516, Federal Building
5       300 North Los Angeles Street
        Los Angeles, California 90012
6       Tel: (213) 894-6828
        Fax: (213) 894-7819
7       Email: Beth.Stratton@usdoj.gov

8  Attorneys for Federal Defendants
   ERIC L. CELO, aka ERIC de LEON CELO, M.D.
9  and QUEENSCARE HEALTH CENTERS

10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                  WESTERN DIVISION

14

15 CESAR LOPEZ,                    ) No. CV 16-2944-R (JCx)
                                   )
16        Plaintiff,               )
                                   )
17             v.                  )
                                   )
                                   ) **ORDER CORRECTING CAPTION**
18 ERIC L. CELO, M.D. aka ERIC de  )
   LEON CELO, M.D.;                )
19 QUEENSCARE HEALTH CARE          )
   CENTERS, INC.; AND DOES 1 to    )
20 100, inclusive,                 )
                                   )
21        Defendants.              )

22

23

24

25

26

27

28
                          1

1    The Court, having received a Notice of Substitution and a duly executed

2  Certification from the United States Attorney for the Central District of California

3  attesting to the fact that defendants Eric L. Celo, aka Eric De Leon Celo, M.D., and

4  Queenscare Health Centers were acting within the course and scope of their employment

5  at all times relevant to the incidents alleged in the Complaint, and having considered the

6  provisions of 42 U.S.C. § 233(c) authorizing the substitution of the United States of

7  America as the defendant herein in place and stead of Eric L. Celo and Queenscare

8  Health Centers,

9    IT IS HEREBY ORDERED that the caption of this case be changed to read as

10 follows:

11

12   CESAR LOPEZ,                          )
                                           )
13       Plaintiff,                        )
                                           )
14            v.                           )
                                           )
15   THE UNITED STATES OF                  )
     AMERICA, and DOES 1 to 100,           )
16   inclusive,                            )
                                           )
17       Defendants.                       )
                                           )
18                                         )
                                           )
19                                         )
                                           )
20                                         )
     ————————————————————                  )
21

22

23

24 DATED: May 3, 2016

25                                    UNITED STATES DISTRICT JUDGE

26

27

28
                                    2

data.hrsa.gov/data/reports/datagrid?gridName=FQHCs

Data as of 05/06/2024

Export Data  XLSX  PDF

| BHCMISID | UDS Number | Grantee Name | | | State | ZIP Code | County |
|---|---|---|---|---|---|---|---|
| --- | BPS-H80-005343 | Gracelight Community Health - Eagle Rock | Service Delivery Site | Active | Federally Qualified Health Center (FQHC) | 4446 York Blvd | Los Angeles | CA | 90041-3328 |
| --- | BPS-H80-005618 | Gracelight Community Health - Hollywood | Service Delivery Site | Active | Federally Qualified Health Center (FQHC) | 4618 Fountain Ave | Los Angeles | CA | 90029-1830 |
| --- | BPS-H80-011358 | Gracelight Community Health - East LA | Service Delivery Site | Active | Federally Qualified Health Center (FQHC) | 4816 E 3rd St | Los Angeles | CA | 90022-1602 |
| --- | BPS-H80-029988 | Gracelight Community Health - Westlake North | Service Delivery Site | Active | Federally Qualified Health Center (FQHC) | 303 Loma Dr STE 202 | Los Angeles | CA | 90017-1103 |

| ⊕ | 096030 | 096030 | REDWOOD COAST MEDICAL SERVICES, INC. | 46900 Ocean View Way | Gualala | CA |
| ⊕ | 091700 | 091700 | REDWOODS RURAL HEALTH CENTER, INCORPORATED | 101 W Coast Rd | Redway | CA |

data.hrsa.gov/data/reports/datagrid?gridName=FQHCs

| ⊕ | 0921340 | 0921340 | PEDIATRIC AND FAMILY MEDICAL FOUNDATION | 1530 S Olive St | Los Angeles | CA | 90015-3023 | Los Angeles County |
| ⊕ | 09E01373 | --- | PENINSULA HEALTHCARE CONNECTION, INC. | 1671 THE ALAMEDA STE 306 | SAN JOSE | CA | 95126 | --- |
| ⊕ | 097880 | 097880 | PETALUMA HEALTH CENTER, INC. | 1179 N McDowell Blvd | Petaluma | CA | 94954-6559 | Sonoma County |
| ⊕ | 09E01080 | 09E01080 | POMONA COMMUNITY HEALTH CENTER | 1450 E Holt Ave | Pomona | CA | 91767-5822 | Los Angeles County |
| ⊕ | 09E01460 | --- | PRECISION HEALTH CENTER | 709 N HILL ST STE 18 | LOS ANGELES | CA | 90012 | --- |
| ⊕ | 0910240 | 0910240 | QUEENSCARE HEALTH CENTERS | 950 S Grand Ave FL 2 | Los Angeles | CA | 90015-3999 | Los Angeles County |
| ⊕ | 096030 | 096030 | REDWOOD COAST MEDICAL SERVICES, INC. | 46900 Ocean View Way | Gualala | CA | 95445-7548 | Mendocino County |





**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of The General Counsel
General Law Division
Claims & Employment Law Branch
ATTN:   Claims – Torts Section
330 C Street, SW
Switzer Building – Suite 2100
Washington, DC 20201
Virgie.Barnes@hhs.gov

**June 15, 2023**

**Sent only via Electronic mail to John F. Medler, Jr at john@medlerlawfirm.com**

John F. Medler, Esq.
The Medler Law Firm
2030 Main Street, Suite 1300
Irvine, California  92614



Re:   Notice Pursuant to Cal. Code Civ. Proc. Sec. 364 re:   Allan J. Watson, Individually,
       and as Representative of the Estate of Caroline Valdes

Dear John F. Medler:

   This office has learned of the above-referenced notice of intent correspondence, concerning the interests of your clients, Allan J. Watson, Individually, and as Representative of the Estate of Caroline Valdes, Deceased, as the result of alleged negligent medical care provided by an employee of QueensCare Health Centers, ("Health Center"), a federally supported Health Center located in Los Angeles, California.   Please be advised that the Federally Supported Health Centers Assistance Act of 1992, as amended, 42 U.S.C. § 233(g)-(n), provides that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, is the exclusive remedy for injuries, including death, caused by employees of a deemed community Health Center occurring on or after January 1, 1993, or when the Health Center was deemed eligible for coverage.

   To the extent, your client may have a claim concerning the actions of a federally supported Health Center and its employees providing health care services within the scope of their employment, your client must first exhaust his administrative remedies as a prerequisite to the commencement of a civil action in tort.   This jurisdictional prerequisite cannot be waived. *In order for a claim to be valid, damages must be stated in a "sum certain" (exact dollar amount).   28 U.S.C. § 2675(b); 28 C.F.R. § 14.1(a).*   In addition, an administrative tort claim must be filed with the appropriate federal agency **within two years** from the date such claim accrues, or it shall be forever barred.   28 U.S.C. § 2401(b). Under the provisions of the FTCA, an action may not be instituted upon a claim against the United States for money damages caused by the negligent act of any federal employee acting within the scope of her/his employment unless the claimant first presents the claim to the appropriate federal agency and the claim is finally denied by the agency in writing and sent by certified or registered mail.   If the Agency fails to make a final disposition of the claim within six months after it is filed, the claimant may

P a g e | 2 (Allan J. Watson, Individually, and as Representative of the Estate of Caroline Valdes, Deceased)

at any time, thereafter, deem the claim denied.   28 U.S.C. § 2675(a).   According to our Agency records, **no "valid" administrative tort claim has been filed by and/or on behalf of Allan J. Watson, Individually, and/or as Representative of the Estate of Caroline Valdes, Deceased.**

I am enclosing a Standard Form 95 for use in the event that your client chooses to pursue an administrative tort claim against the U.S. Department of Health and Human Services.   Please complete and electronically provide one copy of the completed form and one copy of all pertinent medical records to Agency's mailbox at **hhs-ftca-claims@hhs.gov**.

Sincerely,

*Virgie R. Barnes*

Virgie R. Barnes -S
Paralegal Specialist, Torts Section
DHHS/OS/OGC/General Law Division
Claims and Employment Law Branch

Digitally signed by Virgie R. Barnes -S
Date: 2023.06.15 11:38:15 -04'00'

Enclosure a/s

(cc w/o enclosure):

Barbara B. Hines, Chief Executive Officer
QueensCare Health Centers
1300 N. Vermont Avenue
Los Angeles, California   90027

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Health & Human Services OGC/General Law Division (ATTN: Claims) 330 C Street, SW, Switzer Building, Suite 2100 Washington, DC 20201 | Allan Watson 2202 Northside Montebello, CA 90640 (Note this form is signed by John F. Medler, Jr., atty for Pltf) |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>06/27/1948 | 5. MARITAL STATUS<br>Widowed | 6. DATE AND DAY OF ACCIDENT<br>06/06/2022   Monday | 7. TIME (A.M. OR P.M.)<br>3:30 p.m. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Caroline Valdes (wife of Plaintiff) began seeing Goretti Garcia, M.D., who was a primary care provider employed by QUEENSCARE HEALTH CENTERS, a federally supported health care center located in Los Angeles, CA.  Beginning in Feb. 2022, Valdes complained to Dr. Garcia of shortness of breath over 5-6 visits, and was told by Dr. G to take cough medicine and eucalyptus tea.  No tests were ordered, no referrals to specialists were made. The Decedent had a cardiac condition requiring a heart valve. The delay in diagnosis was a deviation from the SOC and was a substantial factor in causing Valdes' death.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM.  IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Valdes was later seen by Dr. Fong, cardiologist, then Dr. Powers at St. Johns.  She thrombosed during surgery and never woke up.  She died waiting for a heart transplant.  Pltf seeks $15M in wrongful death and $2M in survival (P.I.) (pain and suffering, bills, between negligence 2/22 and death) against Dr. Garcia and Queenscare, which consists of economic (loss of wages) and non-economic damages (loss of love, care, comfort, society, training, guidance, sexual relations, etc) under the FTCA.

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | Peter K. Fong MD | 220 S First Street, Alhambra, CA 91801 |
| | Matthew E. Powers, M.D. | 4201 Torrance Blvd. Suite 520 Torrance CA 90503 |
| | Allan Watson | 2202 Northside Montebello CA 90640 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 2,000,000 | 15,000,000 | 17,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>314-210-4745 | 14. DATE OF SIGNATURE<br>08/10/2023 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government.  (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-40...

**PLAINTIFF'S EXHIBIT**
4

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

Not applicable (this was not an auto accident).

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes  ☒ No   | 17. If deductible, state amount.

Not applicable.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).
Note, however, that Plaintiff also filed a medmal action against other non-federal defendants, which is attached hereto.

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

Not applicable.

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
    A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute this form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

May 8, 2023

**Goretti Garcia, M.D.**
4816 E. Third Street
Los Angeles, CA 90022

**Peter K. Fong, M.D.**
220 S. First Street
Alhambra, CA 91801-3705

**Comprehensive Cardiovascular Specialists**
c/o Registered Agent: Julienne Tam
220 S. First Street
Alhambra CA 91801

**Matthew E. Powers, M.D.**
4201 Torrance Blvd
Suite 520
Torrance, CA 90503-4504

**USC Care Medical Group, Inc.**
c/o Registered Agent: Christopher Campbell
1510 San Pablo Street
Suite 600
Los Angeles CA 90033

**St. John's Healthcare Services**
d/b/a Providence St. John's Health Center—Santa Monica
c/o Registered Agent: Escochecks, Inc.
21900 Burbank Blvd.
Suite 300
Woodland Hills, CSA 91367

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

**RE:  Notice Pursuant to *Cal. Code Civ. Proc. Sec. 364* for Allan J. Watson, individually and as representative of the Estate of Caroline Valdes, relating to medical malpractice, wrongful death, survival**

Dear Drs. Garcia, Fung, and Powers, and Representatives of the entities above;

Please treat this as formal notice under *Cal. Code Civ. Proc. Sec. 364,* that my client Allan J. Watson, individually and as a representative of the Estate of Caroline Valdes, intends to commence a wrongful death/medical malpractice and survival action against you within the statute of limitations period for health care negligence (medical malpractice), wrongful death, and survival, arising out of your treatment of Caroline Valdes, DOB , DOD 06/06/2022.

**PLAINTIFF'S EXHIBIT**
5

1

"**Legal basis of the claim**":
**Dr. Garcia**:
Your negligent failure to properly and timely diagnose the patient's condition, which was below the standard of care, and which was a substantial factor in causing the patient's death.

**Dr. Fong**: Your negligent failure to immediately transfer the patient to a higher level of care for SAVR or TAVR surgery, which was below the standard of care, and which was a substantial factor in causing the patient's death.

**Dr. Powers**: Your negligent surgery and treatment of the patient, which was below the standard of care, and which was a substantial factor in causing the patient's death.

**Comprehensive Cardiovascular Specialists**: *Respondeat superior* liability for the actions of Dr. Fong.

**USC Care Medical Group, Inc.**: *Respondeat superior* liability for the actions of Dr. Powers

**St. John's Healthcare Services**: *Respondeat superior* liability for the actions of Dr. Powers and his surgical team; liability under the "ostensible agency" doctrine and *Cal. Civ. Code Sec. 2300*, for the actions of Dr. Powers and his surgical team. *See Mejia v. Community Hospital of San Bernadino* (2002), 99 Cal. App.4th 1448; *Stanhope v. L.A. College of Chiropractic* (1947) 54 Cal.App.2d 141; *Quintal v. Laurel Grove Hospital* (1964) 62 Cal. 2d 154; *Seneris v. Haas* (1955) 45 Cal.2d 811; *Whitlow v. Rideout Memorial Hospital* (2015) 237 Cal.App.4th 631.

"**Type of loss sustained**": the wrongful death of the Plaintiff's wife, Caroline Valdes, for which he seeks all damages allowed under the California Wrongful Death Act (*Cal. Code Civ. Proc. Secs.377.60 et seq.*) and applicable California caselaw, the California Medical Malpractice Statutes and applicable caselaw, for survival and all damages allowed under the survival statute and applicable caselaw, for pre-judgment and post-judgment interest, court costs, and such other relief as the court deems just and proper.

**Nature of the injuries suffered:**
Pre-death pain, suffering, fear, anxiety, and emotional distress; death; all economic and non-economic damages allowed under the California Wrongful Death Act, Medical Malpractice statutes, and survival statute, including but not limited to pecuniary losses, loss of earnings, loss of financial support, medical bills, funeral bills, loss of consortium, loss of comfort, guidance, training, friendship, love, anxiety, embarrassment, fear, loss of enjoyment of life, emotional support, pain and suffering, pre-judgment and post-judgment interest, court costs, and such other relief as the Court deems just and proper.

Please advise your malpractice carrier.

Very Truly Yours,


John F. Medler, Jr.
*Counsel for Allan J. Watson*

2



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Goretti Garcia, M.D.
4816 E. Third Street
Los Angeles, CA 90022

9590 9402 7141 1251 3007 68

2. Article Number (Transfer from service label)

7022 1670 0002 2879 7790

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

B. Received by (Printed Name)

☐ Agent
☐ Addressee

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



PLAINTIFF'S EXHIBIT
6

### DECLARATION OF ALLAN WATSON

*I hereby declare, under penalties of perjury under the laws of California, that the foregoing is true and correct:*

(1) My deceased husband's name was CAROLINE VALDES.

(2) She died in Los Angeles on June 6, 2022, at UCLA Medical Center.

(3) No proceeding is now pending in California for administration of the decedent's estate.

(4) I am one of the decedent's three successors-in-interest (as defined in *CCP Section 377.11*) and succeed to the decedent's interest in this action or proceeding.

(5) The Decedent's parents are also successors-in-interest. They have been informed of this proceeding and will not participate unless there is a recovery or judgment.

(6) No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

(7) A certified copy of the decedent's death certificate is attached to this declaration.

**ALLAN WATSON**

ORIGINAL COMPLAINT FOR DAMAGES

PLAINTIFF'S EXHIBIT 7

**STATE OF CALIFORNIA**
CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES
### DEPARTMENT OF PUBLIC HEALTH

| STATE FILE NUMBER 3052022142794 | CERTIFICATE OF DEATH | LOCAL REGISTRATION NUMBER 3202219031831 |
|---|---|---|

| 1. NAME OF DECEDENT—FIRST (Given) CAROLINE | 2. MIDDLE | 3. LAST (Family) VALDES |
|---|---|---|

AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST): CAROLINE ANN VALDES

| 4. BIRTH STATE/FOREIGN COUNTRY CA | | | 7. U.S. SOCIAL SECURITY NUMBER 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 | 8. EVER IN ARMED FORCES? ☐ YES ☒ NO | 9. MARITAL STATUS AT TIME OF DEATH MARRIED | 5. DATE OF BIRTH mm/dd/ccyy 01/14/1969 | 6. AGE Yrs 53 | 6. DATE OF DEATH mm/dd/ccyy 06/06/2022 | 6. HOUR 24 Hours 1815 | 2. SEX F |
|---|---|---|---|---|---|---|---|---|---|---|

| 10. EDUCATION BACHELOR | 11. HISPANIC? ☒ NO ☐ YES MEXICAN AMERICAN | 12. DECEDENT'S RACE CAUCASIAN |
|---|---|---|

| 14. USUAL OCCUPATION SUBSTITUTE TEACHER | 15. KIND OF BUSINESS OR INDUSTRY EDUCATION | 16. YEARS IN OCCUPATION 15 |
|---|---|---|

| 17. RESIDENCE 2202 NORTHSIDE DR. | | |
|---|---|---|

| 18. CITY MONTEBELLO | 19. COUNTY/PROVINCE LOS ANGELES | 20. ZIP CODE 90640 | 21. YEARS IN COUNTY 53 | 22. STATE/FOREIGN COUNTRY CA |
|---|---|---|---|---|

| 23. INFORMANT'S NAME, RELATIONSHIP ALLAN WATSON, HUSBAND | 24. INFORMANT'S MAILING ADDRESS 2202 NORTHSIDE DR., MONTEBELLO, CA 90640 |
|---|---|

| 25. NAME OF SURVIVING SPOUSE—FIRST ALLAN | 26. MIDDLE | 27. LAST WATSON |
|---|---|---|

| 28. NAME OF FATHER/PARENT—FIRST RICHARD | 29. MIDDLE | 30. LAST VALDES | 31. BIRTH STATE CA |
|---|---|---|---|

| 32. NAME OF MOTHER/PARENT—FIRST MARY | 33. MIDDLE THERESA | 34. LAST VASQUEZ | 35. BIRTH STATE CA |
|---|---|---|---|

| 36. DISPOSITION DATE mm/dd/ccyy 06/22/2022 | 37. PLACE OF FINAL DISPOSITION RES: MARY VALDES 2104 NORTHSIDE DR., MONTEBELLO, CA 90640 | | 42. LICENSE NUMBER |
|---|---|---|---|

| 38. TYPE OF DISPOSITION CREMATE/RESIDENCE | 39. NOT EMBALMED | |
|---|---|---|

| 40. SIGNATURE OF EMBALMER | 41. LICENSE NUMBER |  |
|---|---|---|

| 43. NAME OF FUNERAL ESTABLISHMENT RISHER MONTEBELLO MORTUARY | 44. LICENSE NUMBER FD869 | 45. SIGNATURE OF LOCAL REGISTRAR MUNTU DAVIS MD | 47. DATE mm/dd/ccyy 06/21/2022 |
|---|---|---|---|

| 101. PLACE OF DEATH RONALD REAGAN UCLA MEDICAL CENTER - IP | | | IP | 116. IF OTHER THAN HOSPITAL, SPECIFY ONE | ☒ Other |
|---|---|---|---|---|---|

| 102. COUNTY LOS ANGELES | 103. FACILITY ADDRESS 757 WESTWOOD PLAZA | | 104. CITY LOS ANGELES |
|---|---|---|---|

| 107. CAUSE OF DEATH | IMMEDIATE CAUSE CARDIOGENIC SHOCK | | 109. Time Interval WKS |
|---|---|---|---|
| | Sequentially list conditions CRITICAL AORTIC STENOSIS | | WKS |
| | CORONARY ARTERY DISEASE | | YRS |

ACUTE RENAL FAILURE, SHOCK LIVER, ENCEPHALOPATHY, NON-ST-ELEVATION MYOCARDIAL INFARCTION, HYPERTENSION, DIABETES MELLITUS TYPE II

PERCUTANEOUS CORONARY INTERVENTION 06/13/2022, CORONARY ARTERY BYPASS GRAFT, AORTIC VALVE REPLACEMENT 05/31/2022

| 114. SIGNATURE AND TITLE OF CERTIFIER ALBERT LEE, MD | 115. LICENSE NUMBER A160081 | 117. DATE mm/dd/ccyy 06/09/2022 |
|---|---|---|

| 116. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE ALBERT LEE, MD | | |
|---|---|---|

| 118. I CERTIFY THAT AN OPINION DEATH OCCURRED AT THE HOUR, DATE AND PLACE FROM THE CAUSES STATED 06/02/2022   06/06/2022 | 757 WESTWOOD PLAZA, LOS ANGELES, CA 90095 | |
|---|---|---|

CERTIFIED COPY OF VITAL RECORD
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

Health Officer and Registrar, MD

DO 12

DATE ISSUED    JUN 27 2022

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

*003479952*


**PLAINTIFF'S EXHIBIT**
8